IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02041-EWN-BNB

MICHAEL GENE YOUNG,

Plaintiff,

v.

THOMAS A. ESKESTRAND, M.D.,
ORVILLE NEUFELD, PhD D.O.,
R. LINDSAY LILLY JR., M.D.,
LOUIS CABILING, M.D.,
GARY A. GO, M.D.,
KELLY WASKO, RN,
THEODORE LAURENCE, PA,
TEJINDER SINGH, PA,
PATTY BEECROFT, M.D.,
DANNY ENGLUND, M.D.,
JOSEPH WERMERS, M.D.,
DEBRA HOWE, RN,
JOHN DOE AND JANE DOE 1-50,

Defendants.

_____

**ORDER**
_____

This matter is before me on the plaintiff's **Motion for Examination by an Outside Doctor and Psychologist Fed. R. Civ. 35** [Doc. #59, filed 6/13/08] (the "Motion"). The Motion is DENIED.

Pursuant to Rule 35, Fed. R. Civ. P., the plaintiff requests "an order to be taken to an outside Doctor where he may be properly diagnosed and receive an outside opinion that is not influence[d] by the [Colorado Department of Corrections]." The plaintiff does not address who will pay for the costs of the requested examination. To the extent the plaintiff is asking the

Court to pay the costs of the requested examination, he provides no basis for that relief.

I am aware that the plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. That statute authorizes federal courts to direct the United States to pay expenses for certain records and transcripts, 28 U.S.C. § 1915(c), but it does not authorize federal courts to order payment for medical examinations or any other expense not specified in the statute. Hooper v. Tulsa County Sheriff Dept., 113 F.3d 1246, 1994 WL 295424 *2 (10th Cir. June 4, 1007). In addition, although the plaintiff brings this Motion under Rule 35(a), that Rule does not address allocation of the costs incurred for physical examinations.

IT IS ORDERED that the Motion is DENIED.

Dated July 7, 2008.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge