IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02041-CMA-BNB

MICHAEL GENE YOUNG,

Plaintiff,

v.

THOMAS A. ESKESTRAND, M.D.,
ORVILLE NEUFELD, PhD D.O.,
R. LINDSAY LILLY JR., M.D.,
LOUIS CABLING, M.D.,
GARY A. GO, M.D.,
KELLY WASKO, RN,
THEODORE LAWRENCE, PA,
TEJENDER SINGH, PA,
PATTY BEECROFT, M.D.,
DANNY ENGLUND, M.D.,
JOSEPH WERMERS, M.D.,
DEBRA HOWE, RN,
JOHN DOE AND JANE DOE 1-50,

Defendants.

_____

**ORDER**
_____

This matter is before me on a filing by the plaintiff entitled **Failure to Make Disclosure or Cooperate in Discovery Rule 37(a)(2)** [Doc. #99, filed 4/23/09]. I construe the filing as a motion to compel (the "Motion"). The Motion is DENIED.

The plaintiff states that on February 25 and 26, 2009, he served six Requests for Production of Documents on the defendants. He further states that as of April 13, 2009, the requests had not been answered and he has not received any initial disclosures pursuant to Rule 26, Fed. R. Civ. P.

An action brought by a *pro se* inmate is exempt from the initial disclosure requirements of Rule 26. Fed. R. Civ. P. 26(a)(1)(B)(iv). The plaintiff is an inmate proceeding *pro se*. Therefore, the initial disclosure requirements of Rule 26 do not apply to this action.

The plaintiff has failed to include a description of the six Requests for Production of Documents he served on the defendants, nor does he specify which defendants were served. See D.C.COLO.LCivR 37.1 (requiring that a motion to compel "set forth verbatim" the request to which it is directed). Nevertheless, all of the defendants assert that they have responded to the plaintiff's requests for documents. Accordingly,

IT IS ORDERED that the Motion is DENIED.

IT IS FURTHER ORDERED that all future applications for relief shall be in the form of a motion.

Dated June 11, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge